**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM JEPSEN, individually and on behalf of a class of similarly situated individuals, | ) ) ) | FILED: SEPTEMBER 25, 2008 08 CV 5508 JUDGE ANDERSEN |
| *Plaintiff,* | ) ) | No. MAGISTRATE JUDGE MASON YM |
| v. | ) ) | |
| CLUB TEXTING, INC., a New York corporation, JOONBUG PRODUCTIONS, INC., a New York Corporation, | ) ) ) ) | **Jury Trial Demanded** |
| *Defendants.* | ) ) ) | |

<u>**CLASS ACTION COMPLAINT**</u>

Plaintiff William Jepsen brings this class action complaint against Defendants Club Texting, Inc. ("Club") and JoonBug Productions, Inc. ("JoonBug") to stop Defendants' practice of making illegal text message calls to cellular telephones, and to obtain redress for all persons injured by their conduct.

**NATURE OF THE CASE**

1.      In a recent effort to promote events at various Chicago-area nightclubs, Defendants, marketers and promoters of events at nightclubs nationwide, engaged in a relatively new and especially pernicious form of marketing: the transmission of unauthorized advertisements, in the form of "text message" calls to the cell phones of consumers in Illinois and elsewhere.

2.      By effectuating these text message calls (hereinafter, "wireless spam" or "SMS Messages"), Defendants have caused such consumers actual harm, not only because the consumers were subjected to the aggravation that necessarily accompanies unsolicited wireless

spam, but also because they actually have to pay their cell phone service providers for the receipt

of such wireless spam, notwithstanding that it is sent in violation of consumer protection laws.

3.       In order to redress these injuries, Jepsen, on behalf of himself and a nationwide

class, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

("TCPA"), which prohibits unsolicited voice and text calls to cell phones.

4.       On behalf of the class, Jepsen seeks an injunction requiring Defendants to cease

all wireless spam activities and an award of actual and statutory damages to the class members,

together with costs and reasonable attorney's fees.

## PARTIES

5.       Plaintiff William Jepsen is a resident of Illinois.

6.       Defendant Club Texting, Inc. is a text message marketer and corporate subsidiary,

parent or sibling of Defendant JoonBug. It is a New York company with its principle place of

business in New York. It does business throughout the United States, including Cook County,

Illinois.

7.       Defendant JoonBug Productions, Inc. is a text message marketer and corporate

subsidiary, parent or sibling of Defendant Club Texting, Inc. It is a New York company with its

principle place of business in New York. It does business throughout the United States, including

Cook County, Illinois.

## JURISDICTION

8.       The Court has original jurisdiction over this action pursuant to 28 U.S.C.

§ 1332(d), because (a) at least one member of the putative class is a citizen of a state different

from the Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interests

and costs, and (c) none of the exceptions under that subsection applies to the instant action.

## VENUE

9.      Venue is proper in this district under 28 U.S.C. § 1391 (a)(2).

## CONDUCT COMPLAINED OF

10.      In recent years, marketers, who often have felt stymied by federal laws limiting solicitations over telephones, facsimile machines, and e-mails, have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

11.      One of the newest types of such bulk marketing is to advertise through Short Message Services.  The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 or so characters.

12.      An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device.  When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

13.      Unlike more conventional advertisements, wireless spam actually costs its recipients money, because most cell phone users must pay their respective wireless service providers for each text message call they receive, whether or not the message is authorized.

14.      Over the course of several months in 2008, Defendants caused mass transmissions of wireless spam to the cell phones of what it hoped were potential customers.

15.      On or about June 7, 2008 at approximately 2:20 p.m., plaintiff William Jepsen's cell phone rang, indicating that he had received a text call.

3

16.     The "from" field of such transmission identified its source as "textvp.com," an Internet domain name registered to Defendants Club and Joonbug.  The body of such text message read as follows:

> EVERYBODY DISCOUNTED TO 12AM THE HOTTEST
> SATURDAY NITE PARTY "BLUE MAGIC" @ WET 209 W
> LAKE 10P-5AM/DRINKS ON US TO 11

17.     On or about September 15, 2008 at approximately 2:17 p.m., plaintiff William Jepsen's cell phone rang, indicating that he had received a text call.

18.     The "from" field of such transmission identified its source as "textvp.com", yet another Internet domain name registered to Defendants Club and Joonbug.  The body of such text message read as follows:

> EXCLUSIVE FREE EVENT 2NITE PLUSH MONDAYS @
> PLUSH 1104 W MADISON 10P-2A *EVERYONE FREE*
> SEXY INDIVIDUALS ONLY*PROPER ATTIRE RE

**19.**     At no time did Plaintiff consent to the receipt of these text messages from Defendants.

## CLASS ALLEGATIONS.

20.     Jepsen brings this action, pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3), on behalf of himself and a class (the "Class") consisting of Jepsen and all others nationwide that received unsolicited and unauthorized text message advertisements from Defendants.

21.     Upon information and belief, there are over 1,000 members of the Class and that joinder of all members is impracticable.

4

22.     Common questions of law and fact exist as to all members of the Class and predominate over questions affecting individual members.  Common questions for the Class include:

> (a)     Is Defendants' conduct governed by the TCPA?

> (b)     Does the wireless spam Defendants' distributed violate the TCPA?

23.     Jepsen will fairly and adequately protect the interests of the Class, his claims are typical of the claims of the members of the class, and he has retained counsel competent and experienced in similar class action litigation.

24.     A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the respective classes is impracticable, and (b) many members of the classes cannot vindicate their rights by individual suits because their damages are small relative to the burden and expense of litigating individual actions.

## COUNT I
## (Violation of the TCPA, 47 U.S.C. § 227: On behalf of the Class)

25.     Jepsen incorporates by reference the foregoing allegations.

26.     Defendants made unsolicited commercial text calls using an automatic telephone dialing system to the wireless telephone numbers of the Class.

27.     These text calls were made without the prior express consent of the Class.

28.     Defendants have, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

29.     As a result of Defendants' illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each such violation of the TCPA.

WHEREFORE, Plaintiff William Jepsen, on behalf of himself and the Class, prays for the following relief:

1.      An order certifying the Class as defined above;

2.      An award of actual and/or statutory damages;

3.      An injunction requiring Defendants to cease all wireless spam activities;

4.      Reasonable attorney's fees and costs; and

5.      Such further and other relief the Court deems appropriate.

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

September 25, 2008

William Jepsen, individually and on behalf of a class of similarly situated individuals


\_\_\_/s/ Myles McGuire_____
One of his attorneys

Jay Edelson
jedelson@kamberedelson.com
Myles McGuire
mmcguire@kamberedelson.com
Ryan D. Andrews
randrews@kamberedelson.com
KAMBEREDELSON, LLC
53 West Jackson Blvd., Suite 550
Chicago, Illinois 60604
(312) 589-6370