IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| WILLIAM JEPSEN, individually and on behalf of a class of similarly situated individuals, ) ) ) *Plaintiff*, ) ) v. ) ) CLUB TEXTING, INC., a New York corporation, ) JOONBUG PRODUCTIONS, INC., a New York ) corporation, ) *Defendants*. ) | No. 08-CV-5508 <br><br> Honorable Wayne R. Andersen <br><br> Magistrate Judge Michael T. Mason |

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING CLASS, APPROVING PROCEDURE AND FORM OF NOTICE, AND SCHEDULING FAIRNESS HEARING**

Upon review and consideration of Plaintiff's Motion for Preliminary Approval of Class Action Settlement, the parties' Stipulation of Settlement, and the attachments to each that have been filed with the Court, and having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. The Court has read and considered the Stipulation of Settlement, including its Exhibits, and having heard the parties hereby preliminarily approves the Stipulation of Settlement in its entirety. The definitions in the Stipulation of Settlement are hereby incorporated as though fully set forth in this Order, and terms and phrases shall have the same meaning as ascribed to them in the Stipulation of Settlement. The Court finds that the Stipulation of Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court further finds that the Stipulation of Settlement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that (a) the Stipulation of Settlement is the result of arms' length negotiations between experienced class action attorneys; (b) the Stipulation of Settlement is

sufficient to warrant notice of the settlement and the Fairness Hearing to the Settlement Class Members; and (c) the Stipulation of Settlement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.

### Settlement Class Certification

2. For settlement purposes only, the Court certifies the Settlement Class as defined in the Stipulation of Settlement:

> All Persons residing in the State of Illinois who, from September 25, 2004, until the date that the Preliminary Approval Order is entered, received a Fly Society Text Message transmitted by Club Texting and/or its affiliates that was sent without such Person's prior express consent.

3. In connection with class certification for settlement purposes only, the Court makes the following preliminary findings pursuant to Federal Rule of Civil Procedure 23: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the named Plaintiff are typical of those of the claims of the proposed Settlement Class; (d) the named Plaintiff is capable of fairly and adequately protecting the interests of the proposed Settlement Class in connection with the Stipulation of Settlement; (e) for purposes of determining whether the Stipulation of Settlement is fair, adequate and reasonable, common questions of law and fact predominate over questions affecting only individual Settlement Class Members; and (f) for purposes of settlement, a class action settlement with the proposed class definition is superior to other available methods for fairly and efficiently adjudicating and resolving this action.

4. In making the findings set forth in Paragraph 3 above, the Court finds that the Settlement Class warrants certification for settlement purposes on an Illinois statewide basis, and that named Plaintiff, William Jepsen, shall be designated as Class Representative.

5.  For purposes of settlement only, the Court appoints Ryan D. Andrews and Rafey S. Balabanian of Edelson McGuireLLC as Class Counsel for the Settlement Class. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel.

**Fairness Hearing**

6.  The Fairness Hearing, shall be held before this Court on <u>April 29, 2010, at 9:00 a.m.</u> at the United States Courthouse, 219 South Dearborn Street, Courtroom 1403, Chicago, Illinois, to determine whether the Stipulation of Settlement is fair, reasonable, and adequate and should be given final approval, and whether Final Judgment and an Order of Dismissal with Prejudice should be entered in this action based upon the Stipulation of Settlement.

7.  At the Fairness Hearing, the Court shall also determine whether to approve the payment of attorneys' fees and expenses to Class Counsel and whether to approve the payment of the incentive award to the Class Representative. Papers in support of final approval of the Stipulation of Settlement, the incentive award, and attorneys' fees shall be filed with the Court on or before <u>April 23, 2010.</u> The Court may adjourn, postpone, or continue the Fairness Hearing without further notice to members of the Settlement Class.

**Notice and Administration**

8.  The Court approves, as to form, content and distribution, all forms of Notice to the Settlement Class as set forth in the Stipulation of Settlement and the Exhibits thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably

3

calculated to, under all circumstances, reasonably apprise the members of the Settlement Class of the pendency of this action, the terms of the Stipulation of Settlement, and the right to object to the settlement and to exclude themselves from the Settlement Class.

9. Within ten (10) days of the entry of this Order, Club Texting, Inc. ("Club Texting") shall provide Class Counsel with any documents in Club Texting's possession or control that contain electronic or U.S. Mail addresses for potential Settlement Class Members. Class Counsel shall subsequently provide such electronic or U.S. Mail addresses to the Settlement Administrator in electronic form. Within thirty-five (35) days of the receipt of such addresses, Notice and the Claim Form or electronic link to the Claim Form shall be sent by the Settlement Administrator to all potential Settlement Class Members by either email or First Class U.S. Mail in accordance with the Stipulation of Settlement.

10. Within forty-five (45) days of the entry of this Order, newspaper publication Notice shall be made and purchased by the Settlement Administrator in the Chicago Reader, in accordance with the Stipulation of Settlement.

11. Within seven (7) days of the entry of this Order, Notice shall be provided on a website created by the Settlement Administrator or Club Texting, subject to Class Counsel's approval, and in accordance with the Stipulation of Settlement. Such website shall be administered by a Settlement Administrator, which shall have complete control of the website.

12. Following this Order, Class Counsel may prepare and distribute a press release regarding the Stipulation of Settlement, subject to Club Texting's approval, and in accordance with the Stipulation of Settlement.

13. The Court approves the request for the appointment of Strategic Claims Services as Settlement Administrator.

14. All Claim Forms must be postmarked or received by the Settlement Administrator within forty-five (45) days after the entry of Final Approval.

**Exclusion**

15. Settlement Class Members who wish to exclude themselves from or opt-out of the Settlement Class may do so if, within forty-five (45) days after the date that Notice is commenced, such Class Members submit a timely and valid request in compliance with the exclusion procedures set forth in the Notice and the Stipulation of Settlement. The names of such excluded individuals shall be attached as an exhibit to the Final Judgment and Order of Dismissal with Prejudice entered by the Court.

**Objections**

16. Any Settlement Class Member who has not timely opted out of the Settlement Class, may object to: (a) the fairness, reasonableness, or adequacy of the Stipulation of Settlement; (b) a judgment being entered dismissing the action with prejudice in accordance with the terms of the Stipulation of Settlement; (c) the attorneys' fees and expenses; or (d) the award to the Class Representative. Settlement Class Members may object on their own, or may do so through separate counsel at their own expense.

17. To object, a Settlement Class Member must sign and file a written objection with this Court on or before forty-five (45) days after the date that Notice is commenced to the Settlement Class. To be valid, the objection must contain the following: (i) notice of the objector's intention to appear at the Fairness Hearing, if so intended; (ii) the name and address of the objector and the objector's counsel (if the objector intends to appear through counsel); (iii) a statement of the basis for each objection asserted; (iv) documented proof that the objector is a Settlement Class Member; (v) any legal authority that the objector wishes the Court to consider;

5

and (vi) the names and addresses of any witnesses that the objector may call to testify at the Fairness Hearing and a summary of each witness's expected testimony. On or before the objection deadline, any Settlement Class Member wishing to object must serve a copy of such papers by hand, First-Class Mail, or overnight delivery to the Settlement Administrator at 600 North Jackson Street, Media, PA 19063.

18. Settlement Class Members who fail to file and serve timely objections in substantial compliance with the requirements of this Order and the Stipulation of Settlement shall be deemed to have waived all objections and shall be foreclosed from making such objections.

**Further Matters**

19. Ninety (90) days from the entry of this Order shall be set aside to receive and consider comment or objection from any governmental entity in response to the CAFA required notice provided by Defendants. Any comment or objection made by any governmental entity regarding the Stipulation of Settlement will be addressed with the Court at the Fairness Hearing and resolved in a manner agreed upon by the parties and approved by the Court.

20. All further proceedings in the action are ordered stayed until the Final Judgment and Order of Dismissal with Prejudice or termination of the Stipulation of Settlement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Stipulation of Settlement.

21. Settlement Class Members shall be bound by all determinations and judgments in this action concerning the action and/or Stipulation of Settlement.

22. In the event the Stipulation of Settlement is not approved by the Court in complete accordance with its terms, or for any reason the parties fail to obtain Final Judgment

and Order of Dismissal with Prejudice as contemplated in the Stipulation of Settlement, or the Stipulation of Settlement is terminated pursuant to its terms for any reason, the following shall apply:

(a) All orders and findings entered in connection with the Stipulation of Settlement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

(b) The certification of the proposed Settlement Class pursuant to this Order shall be vacated automatically, this action shall proceed as though the Settlement Class had never been certified pursuant to the Stipulation of Settlement and such findings had never been made, and the action shall return to the procedural status quo before entry of this Order;

(c) Nothing contained in this Order is, or may be construed as, any admission or concession by or against the Defendants or Plaintiff on any point of fact or law, including, but not limited to, factual or legal matters relating to any effort to certify this case as a class action;

(d) Nothing in this Order or action pertaining to the Stipulation of Settlement shall be used as evidence in any further proceeding in this case, including, but not limited to, motions or proceedings seeking treatment of this case as a class action;

(e) Nothing in this Order or pertaining to the Stipulation of Settlement, may be deemed, or shall be used, offered or received against Defendants, as an admission, concession or evidence of the validity of any Released Claim; and

(f) All of the Court's prior Orders having nothing to do with class certification shall, subject to this Order, remain in force and effect.

It is so ordered, this 22 day of January 2010.

Enter:

_____
Honorable Wayne R. Andersen
United States District Court Judge