# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| WILLIAM JEPSEN, individually and on behalf of a class of similarly situated individuals, ) ) ) *Plaintiff*, ) ) v. ) ) CLUB TEXTING, INC., a New York corporation, ) JOONBUG PRODUCTIONS, INC., a New York ) corporation, ) *Defendants*. ) | No. 08-CV-5508  Honorable Wayne R. Andersen |

## [~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter coming to be heard on Plaintiff's Motion for Final Approval of Class Action Settlement and Approval of Attorneys' Fees and Plaintiff's Incentive Award, due and adequate notice having been given to the Settlement Class, and the Court having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Stipulation of Settlement ("Stipulation").

2. This Court has jurisdiction over the subject matter of this Action and over all Parties to the Action, including all Settlement Class Members.

3. On January 22, 2010, this Court granted preliminarily approval the Stipulation and certified the Settlement Class, for settlement purposes only, consisting of:

> All Persons residing in the State of Illinois who, from September 25, 2004, until [January 22, 2010], received a Fly Society Text Message transmitted by Club Texting and/or its affiliates that was sent without such Person's prior express consent.

The Court hereby confirms and grants final certification of the Settlement Class as defined above.

4. The Court approved Notice to the Settlement Class, as set forth in the Preliminary Approval Order on January 22, 2010, was the best notice practicable under the circumstances, including individual notice via U.S. Mail and/or electronic mail to the class members whose addresses were contained through reasonable efforts through records in Defendants custody or control, newspaper publication, website publication, and an Internet press release. The Notice has been successfully implemented and satisfies the requirements of Federal Rule of Civil Procedure 23 and Due Process.

5. The Court finds that the Defendants properly and timely notified the appropriate state and federal officials of the Stipulation, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the Defendants' notices and accompanying materials, and finds that they complied with any applicable requirements of CAFA.

6. This Action and all Released Claims therein, are DISMISSED WITH PREJUDICE as to each Releasing Party, and as against each Released Party.

7. The Court finds that the Stipulation is fair, reasonable, adequate, and in the best interests of the Settlement Class. Specifically, the complex legal and factual posture of this case, and the fact that the Stipulation is the result of arms' length negotiations presided over by the Hon. Michael T. Mason support this finding. The Court notes that no class member objected to the Agreement, nor opted-out of the class. Accordingly, the Stipulation is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms.

8. In accordance and timing requirements set forth in the Agreement, Club Texting shall pay all valid claims submitted by the Claims Deadline, June 14, 2010.

9. All payments to the Settlement Class Members that are not cashed within ninety (90) days of issuance shall be directed to Charity: Water, a Section 501(c)(3) non-profit organization, which the Court approves as an appropriate *cy pres* recipient.

10. Upon the Effective Date, Club Texting shall institute the following practices:

(a) Club Texting shall adhere to the Consumer Best Practices Guidelines promulgated by the Mobile Marketing Association ("MMA"), in effect as of the Effective Date and as amended from time to time.

(b) Club Texting shall require all users of its text messaging services to represent or warrant that they have obtained the prior express consent of each intended recipient of text message(s) prior to permitting those users to utilize Club Texting's services. Such representation or warranty may be made electronically.

(c) Club Texting shall require that any Person using Club Texting's text messaging services for the first time must first view all of Club Texting's terms and conditions and subsequently agree to comply with such terms and conditions. Club Texting will post its terms and conditions clearly on its webpage in a manner where new users are forced to view such terms and conditions prior to their first use of Club Texting's text messaging services. In addition, Club Texting's terms and conditions will clearly state that Club Texting's services may be subject to the TCPA, and that the TCPA prohibits unsolicited voice and text calls to consumers' cellular telephones without prior express consent. Club Texting will require that all of its users must enter an access code, which Club Texting shall provide, in order to indicate that such users agree to Club Texting's terms and conditions.

(d) Club Texting will include as a term of use for its text messaging services a requirement that each user of Club Texting's services will include opt-out instructions to the
3

recipient of any text message, which shall conform to the general rules of the MMA governing opt-outs and describe in detail how to opt-out of receiving future text messages, such as texting the word "STOP" in a reply text message. Club Texting will require as a term of use for its text messaging services that opt-out instructions be included in at least every fifth text message sent to consumers by the users of its text messaging services.

11. The Court approves the agreed-upon Fee Award to Class Counsel in the amount of $60,000.00, which the Court finds to be fair and reasonable under application of the lodestar method. Club Texting shall pay the Fee Award pursuant to and in the manner provided by the terms of the Stipulation.

12. The Court approves the agreed-upon the agree-upon incentive award of $5,000 to the Class Representative William Jepsen, which shall be paid by Club Texting in accordance with the timing requirements set forth in the Stipulation.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the Action for the purpose of construing, enforcing, and administering the Stipulation and its terms.

It is so ordered, this 29th day of April 2010.

Enter:

Honorable Wayne R. Andersen
United States District Court Judge